UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
OSTERMAN & CO., INC.,            :
                                 :
        Plaintiff,               :
                                 :
v.                               :   Civil No. 3:22-cv-1494(AWT)
                                 :
THOMAS PIGNATELLO,               :
                                 :
        Defendant.               :
-------------------------------- x
```

**ORDER RE MOTION TO STRIKE AFFIRMATIVE DEFENSE**

For the reasons set forth below, the plaintiff's Motion to Strike Affirmative Defense (ECF No. 28) is hereby DENIED without prejudice.

The plaintiff moves to strike the defendant's first affirmative defense, which reads as follows: "1. Plaintiff is estopped from recovery in this action by virtue of its failure to enforce restrictive covenants against other similarly situated employees." Answer (ECF No. 22) at 7.

Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> "Motions to strike an affirmative defense are generally disfavored, and if there are questions of fact or disputed questions of law, the motion should be denied. Generally, to prevail on a motion to strike an affirmative defense, Plaintiffs must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law

that might allow the defense to succeed; and (3) they would be prejudiced by the inclusion of the defense." MTA Metro-North Railroad v. Buchanan Marine, L.P., 2006 WL 3544936 at *3 (D.Conn. Dec. 8, 2006) (internal citations omitted).

The plaintiff argues that the court should strike the defendant's first affirmative defense because "the selective enforcement defense has been widely rejected and impermissibly interferes with employers' business judgment, thus it is legally insufficient and should be stricken." Mot. Strike Affirmative Defense at 3 (original in all caps). The defendant maintains that "none of the Connecticut cases cited by Plaintiff hold that the selective enforcement defense is not a legally cognizable defense as a matter of law." Mem. L. Opp. Mot. Strike Affirmative Defense (ECF No. 34) at 10. The court agrees.

The defendant cites to three Connecticut Superior Court cases. The pertinent passage from Entex Info. Servs., Inc. Behrens, 2000 WL 347802 (Conn. Super. Ct. Mar. 17, 2000), is as follows:

> The defendants claim that Entex's act of allowing other employees to return to CBSU, in itself, constitutes a waiver of the restrictive covenant by its actions. While this is a correct statement of the law, this court cannot equate the relinquishment of the plaintiff's covenant rights as to other employees as conclusory as to these defendants. Such action does, however, corroborate the defendants' testimony and the other evidence presented that Entex did, in fact, waive its rights as to them. The court, as previously stated, finds that testimony

-2-

>    credible on this issue. Forsyth's statements were further corroborated by other former employees, Shawn Brantz and Tracey Shafer. Again, it is important to note that Entex offered no evidence to contradict this testimony. The court finds for the defendants on the special defense of waiver.

Id. at *2.

Thus, while the court did not find Entex's act of relinquishing its rights under the restricted covenant as to other employees conclusive as to the defendants in Entex, it did find that evidence relevant and ultimately found for the defendants on the special defense of waiver. Thus, Entex does not establish that there is no question of fact that might allow Pignatello's affirmative defense to succeed and/or no substantial question of law that might allow that defense to succeed.

The second case the defendant cites is New Country Motor Car Group, Inc. v. Vilca, 2021 WL 4896153 (Conn. Super. Ct. Sept. 27, 2021). There the court stated: "That New Country chose not to pursue remedies against other ex-employees who may have violated similar restrictive covenants by working for competitors in the geographic area does not disprove that it would suffer irreparable harm if the restrictions were not enforced in this case." Id. at *7.  The court then observed in a footnote that: "Defendants presented no authority in support of their argument that selective nonenforcement of the same

-3-

restrictive covenants in other employment agreements would waive the right to enforce the restrictions in this case. The exercise of business judgment whether to enforce restrictions on a case-by-case basis does not imply waiver of the right to enforce such restrictions in every case." Id. at n. 16. However, the fact that selective nonenforcement of restrictive covenants with respect to some employees does not automatically result in a waiver of the restrictive covenant with respect to every other employee does not mean such selective enforcement can never result in a waiver with respect to another employee.

Finally, RPM Capital Management, LLC v. DeFruscio, 2023 WL 1462950 (Conn. Super. Ct. January 23, 2023), contains the following statement but without any analysis or citation to authority: "To be sure, RPM is entitled to engage in selective enforcement . . . ." Id. at *13.

The plaintiff also cites to numerous cases from other jurisdictions. After reviewing those cases, the court concludes that the plaintiff has not met its burden of establishing that the defendant's first affirmative defense is insufficient as a matter of law.

Moreover, the court concludes that the plaintiff is not prejudiced by the inclusion of the offense. The parties appear to disagree about whether, even if the court were to strike the first affirmative defense, the defendant would be allowed obtain

discovery with respect to whether and under what circumstances the plaintiff has allowed other employees to engage in the same or similar conduct the plaintiff seeks to prevent the defendant form undertaking. But such discovery is permissible because such information is relevant to other issues in the case, including whether the defendant's activities at PolyQuest trade upon Osterman's trade secrets or other confidential information, and the reasonableness of the scope of the restrictive covenants at issue here.

Accordingly, the motion to strike the affirmative defense is being denied.

It is so ordered.

Dated this 31st day of July 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge